FINANCE CO. OF PENNSYLVANIA *et al. v.* CHARLESTON, C. & C. R. Co. *et al.*

*In re* HART.

(*Circuit Court, D. South Carolina.* November 2, 1891.)

ATTORNEY'S LIEN—MISUSE OF PAPERS—RIGHT OF INSPECTION.

An attorney in possession of papers of a railroad company upon which he has a lien for legal services cannot be compelled to permit an inspection thereof by the company's attorney, or to deliver them up to the court, upon a suggestion that he is now retained by persons bringing suits against the company upon causes of action arising out of transactions with which he was professionally connected while counsel for the company, and that his possession of the papers relating thereto would give him an undue advantage, when no particular suits are specified, and the attorney denies that he is prosecuting any action to which the papers in his possession relate either directly or indirectly.

At Law. In the matter of the suggestion of counsel for D. H. Chamberlain, receiver, against James F. Hart, Esq.

*A. T. Smythe,* for receiver.

*C. E. Spencer,* for respondent.

SIMONTON, J. James F. Hart, Esq., was for many months general attorney for the Charleston, Cincinnati & Chicago Railroad Company. His connection with the company in this capacity ceased 30th June, 1891. At the time he so ceased to be its attorney he had in his hands papers belonging to it, obtained by him in his official capacity. These he claims a lien upon until his arrears of salary, amounting to several thousand dollars, have been paid. The present proceeding is based upon the statements that the said James F. Hart is the attorney for persons

bringing actions against the said Charleston, Cincinnati & Chicago Railroad Company for causes of action arising out of transactions with which he was professionally connected as counsel for the company during the continuance of that relation; that in the prosecution of said suits he would have great advantage in holding in his possession papers of the railroad company received by him as its counsel, and intended to be solely for its advantage; that an inspection of these papers by the receiver and his counsel is necessary for the proper conduct of their cases by them. The answer of Mr. Hart to a rule issued against him upon the filing of this suggestion admits that he was the attorney for this road, and that many papers belonging to it came into his hands while he was such attorney, and he declines to surrender them until he is compensated for his service. He adds that his services were rendered to the railroad company, and that from February 28, 1891, to July 1, 1891, he represented the present receiver; "that on 30th June, 1891, the receiver decided to dispense with the further legal services of respondent, and so notified him in writing, a copy of which is annexed to his return." He denies that he has, or ever had, any writing, paper, or document having relation, directly or indirectly, to any action which he has been retained to prosecute, or is now prosecuting, against said company. He ends with a prayer for the protection of his lien.

There can be no doubt that an attorney has a lien upon the papers of his client which are the result of his labor, or come into his hands professionally, and that he can retain them until his fees are paid. 1 Jones, Liens, 122. The cases which have rewarded the research of the counsel differ somewhat upon the question whether, during such retention, the client or the succeeding attorney can inspect them. The weight of authority is in favor of the affirmative. *Ross* v. *Laughton*, 1 Ves. & B. 349; *Commerell* v. *Poynton*, 1 Swanst. 1. Both cases are much shaken by *Lord* v. *Wormleighton*, Jac. 580; *Newton* v. *Harland*, 4 Scott, N. R. 769. But see, in support of them, *Colegrave* v. *Manley*, 1 Turn. & R. 400; *Heslop* v. *Metcalfe*, 3 Mylne & C. 186; *Cane* v. *Martin*, 2 Beav. 585; *Wilson* v. *Emmett*, 19 Beav. 233. But none of these cases permit the inspection of papers, except when a particular suit was in progress, and the papers pertained to that suit. In the present instance, no case is specially named. A general description is used, to-wit, cases in which he had acquired knowledge as attorney for the company, and which he now brings against the company. The respondent denies that any one case of this kind exists. There is nothing then upon which the court can proceed. It may be well to say that, notwithstanding the recognition of the lien claimed by an attorney, this court will not permit such a lien to be used as charged in this suggestion, happily by mistake, as it appears. If it be shown to the court that such a misuse of papers is threatened, contemplated, or made, they will be at once impounded and lodged with the clerk. The rule is discharged.